*580 BEATY, Chief District Judge,
concurring:
I concur in the majority opinion in this case as to Parts I, III, and IV. I also concur in the majority opinion with respect to Part II to the extent that it simply applies this court’s decision in United States v. Collins, 415 F.3d 304 (4th Cir.2005), to the facts of the case before us. I write separately to note that it is my position that the decision in Collins is the law of the circuit and is binding on other panels because it has not been overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court. See McMellon v. United States, 387 F.3d 329, 333 (4th Cir.2004) (holding that one panel cannot overrule a decision issued by another panel “unless the prior opinion has been overruled by an intervening opinion from this court sitting en banc or the Supreme Court”). The Supreme Court’s decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), does not serve in this instance as a “superseding contrary decision,” since Collins was actually decided several months after Booker, and the court in Collins was aware of Booker, cited Booker, and found it unnecessary to reach any additional errors alleged under Booker. See Collins, 415 F.3d at 306 n. 1; see also United States v. Foster, 507 F.3d 233, 249-52 (4th Cir.2007) (applying the rule set out in Collins, without any indication that Collins could have been superceded by the Supreme Court’s pre-Collins decision in Booker).
To the extent that the dissenting opinion in this case criticizes the reasoning of the majority opinion, those criticisms are, in my view, criticisms of the decision in Collins itself rather than its application here. Despite the dissent’s fundamental disagreement with Collins, however, Collins is currently the law of this circuit. As such, I conclude simply that Collins is binding authority in this case. However, I respectfully decline to join any debate regarding the correctness of Collins itself, and instead leave any reconsideration of Collins to the court sitting en banc.